## Jacob Jarden, Terretenant, Plff. in Err., v. James H. Lafferty.

Serving a notice on the terretenant, forbidding him to use the land and threatening suit for disobedience, or filing a bill for an injunction, which is refused, to restrain him from using the land, is not a breach of the covenant for quiet enjoyment in a ground-rent deed.

(Argued January 20, 1887.  Decided January 31, 1887.)

July Term, 1886, No. 204, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.  Error to Common Pleas No. 4 of Philadelphia County to review a judgment for the plaintiff for want of a sufficient affidavit of defense in an action of covenant on a ground-rent deed.  Affirmed.

This was a suit begun May 31, 1886, by James H. Lafferty against Charles F. A. Simonin to recover six months' ground rent accrued April 1, 1886.  The deed in which the rent was reserved was dated September 30, 1868, and contained *inter alia* a covenant for quiet enjoyment.

Jacob Jarden, the terretenant, by leave of court intervened and filed an affidavit of defense in which he 'leged that Lafferty, "during the time for which the ground rent is alleged to be due in this suit now brought, and for a long time previous there-

NOTE.—It is a defense to an action for a ground rent that there has been an eviction (Coxe v. Williams, 15 Phila. 187; Spear v. Allison, 20 Pa. 200); or at least a constructive· eviction under a paramount title (Hulseman v. Griffiths, 10 Phila. 350).  The taking of a part of the land for a highway will not suspend the rent.  Workman v. Mifflin, 30 Pa. 362.

to, . . . did—wilfully, maliciously, and with the int·nt to harass and annoy the deponent and his tenant in the possession of the said lot of rgound—break his said covenant and interfered with and interrupted the deponent and his said tenant in the enjoyment of the said lot of ground and the working thereof (the same being used as a brickyard and clay lot), by serving notices upon deponent and his tenant, forbidding them from using the said lot of ground, and threatening them with suits and actions in regard thereto.

And further, that on the 16th day of October, A. D. 1885, the said plaintiff commenced a suit in equity against deponent and his tenant in the court of common pleas, No. 1, of the county aforesaid, seeking, *inter alia,* to prevent deponent and his tenant from using the said lot of ground; that the court, upon the hearing of said bill and the demurrer thereto, sustained the demurrer and dismissed complainant's bill; and—notwithstanding the said action of the said court,—the said plaintiff is further persisting and continuing in harassing and annoying deponent and his tenant and has taken an appeal to the supreme court of Pennsylvania from the said judgment of the said court.

And further, the said deponent and his tenant have been interfered with and hindered and stopped in the use of the said lot of ground and in the prosecution of the said business thereon. Deponent has, in addition to the injuries and annoyances above set forth, incurred great expense and been obliged to expend and lay out a large amount of money in protecting his said tenant in the possession of the said lot of ground, against the said plaintiff's acts, and in and about the defense of the said suit in equity, largely in excess of the amount of said plaintiff's claim."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense; whereupon, the terretenant took this writ, assigning as error the action of the court in making the rule absolute and in not discharging the same.

*William Kelley,* for plaintiff in error.—Any act of the landlord which deprives the tenant of that beneficial enjoyment of the premises to which he is entitled under the lease will amount in law to an eviction and suspend rent. Hoeveler v. Fleming, 91 Pa. 322.

The test as to eviction is whether the tenant has been deprived of a beneficial enjoyment of a portion of the estate by the tortious acts of the landlord. Leishman v. White, 1 Allen, 489.

Actual physical expulsion is not necessary. Doran v. Chase, 2 W. N. C. 610; McClurg v. Price, 59 Pa. 423, 98 Am. Dec. 356; Pier v. Carr, 69 Pa. 326.

The erection of a gate across a lane, through which the plaintiff has a right of way to his close, is a breach of the covenant for quiet enjoyment. Andrews v. Paradise, 8 Mod. 318.

In Kates v. Dougherty, 1 Phila. 264, which was an action of covenant to recover ground rent, Judge SHARSWOOD said: "Perhaps, under the plea of covenants performed, defendant may, with notice of the special matter, give in evidence a failure of consideration which would entitle him to relief in equity . . . the consideration expressed in the deed for the payment of the rent was the quiet enjoyment of the land."

In Fairman v. Fluck, 5 Watts, 516, it was held that if in the lease certain things are stipulated by the landlord to be done on his part, which form the consideration for the rent to be paid by the tenant, and the landlord neglects or refuses to fulfill his covenant, such breach of covenant may take away his right to recover the rent or so much of it as may be equivalent to the loss.

In Sanderson v. Berwick-upon-Tweed, L. R. 13 Q. B. Div. 547, it was held that in order to constitute a breach of covenant for quiet enjoyment in a lease of land it is sufficient that the lessee's ordinary or lawful enjoyment of the demised land be substantially interfered with by the acts of the lessor or those claiming under him, although neither the title to nor the possession of the land be otherwise affected, and further, that in every case it is a question of fact whether the quiet enjoyment of the land has or has not been interrupted.

*Aaron Thompson,* for defendant in error.—The affidavit of defense admits full possession, hence there was no eviction. How then can the cases of eviction cited by the plaintiff in error apply?

Not every entry by a landlord against the will of the tenant is such an eviction in point of law as will suspend the payment of the rent. Bennet v. Bittle, 4 Rawle, 339; Sutton v. Foulke, 2 Pa. Co. Ct. 529.

PER CURIAM:

The facts averred in the affidavit of defense are insufficient to

prevent judgment being taken. They do not show a successful attempt to interfere with Jarden's enjoyment of the premises.

Judgment affirmed.